NO. 07-06-0097-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 23, 2006



______________________________




JACKIE K. RIGDON,


 Appellant


v.



THE STATE OF TEXAS,


 Appellee



_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 49,706-B; HON. JOHN BOARD, PRESIDING



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant Jackie K. Rigdon, Jr. appeals his conviction for indecency with a child. 
On June 16, 2006, and in response to our directive, the district clerk filed certified copies
of the trial court's certification and judgment adjudicating appellant's guilt. However, we
note that the trial court certification received was filed after appellant's original plea of guilty
in September 2005 and not after his February 16, 2006 adjudication of guilt. Upon further
inquiry by this court, we also learned that no certification has been filed by the trial court
regarding appellant's ability to appeal the adjudication hearing and punishment received.

 Applicable rule of procedure mandates that the trial court's certification of the
defendant's right of appeal be included in the record, which certification may be added by
amendment, supplement, or order of this court. Tex. R. App. P. 25.2(d). 

 We, therefore, abate this appeal and remand the cause to the trial court and direct
it to certify, through written order, whether appellant has the right of appeal from the
February 16, 2006 judgment adjudicating him guilty. Furthermore, the trial court shall
cause the written order manifesting its decision to be included in a supplemental clerk's
record. If any hearing is held on the matter, it shall be transcribed, which transcription the
trial court shall cause to be included in a supplemental reporter's record. So too is the trial
court directed to cause both the supplemental clerk's and reporter's records to be filed with
the Clerk of this Court on or before July 24, 2006. Should the trial court require more time
to comply with the directions of this Court, it must request an extension prior to July 24,
2006.

 Accordingly, the appeal is abated and the cause is remanded for further
proceedings.

 

 Per Curiam 

Do not publish. 

 



.

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).